### COHEN v. VALLEY STREAM REALTY CO.

(Supreme Court, Appellate Term, First Department. May 11, 1915.)

1. INFANTS ⬥31—CONTRACTS—DISAFFIRMANCE.

An infant can disaffirm an executory contract for the purchase of land which was made by the vendor without knowledge of the purchaser's infancy, though thereby the vendor released a contract for the purchase by the infant's father which had been assigned to the infant.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 41, 46, 50–63; Dec. Dig. ⬥31.]

2. INFANTS ⬥31—CONTRACTS—DISAFFIRMANCE—RECOVERY OF PAYMENTS.

The infant could not, on disaffirming that contract, recover the payments made on the former contract by his father prior to the assignment of the contract, or made by him subsequent to the assignment, but before the making of the new contract, though those payments were by the new contract credited on the purchase price, since they were made under a contract which was valid, and the infant merely acquired his father's rights, which did not include the right to rescind and recover the payments.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 41, 46, 50–63;. Dec. Dig. ⬥31.]

Appeal from City Court of New York, Trial Term.

Action by Jacques S. Cohen, an infant, by Samson Cohen, his guardian ad litem, against the Valley Stream Realty Company. Judgment for the plaintiff, and defendant appeals. Judgment modified and affirmed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Hirsh & Newman, of Brooklyn (Benjamin Reass, Hugo Hirsh, and Emanuel Newman, all of Brooklyn, of counsel), for appellant.

Henry H. Spitz, of New York City, for respondent.

<hr>

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

∴ LEHMAN, J. The defendant, on April 4, 1910, agreed to sell to one Samson· Cohen, certain lots for which the said Samson Cohen agreed to pay in installments. On October 2, 1912, Samson Cohen assigned all his interest in this contract to the plaintiff, his son. The son, between October 2, 1912, and January 4, 1913, paid to the defendant $211.70 upon the contract assigned to him. On January 4th, the defendant, not knowing that the plaintiff was under the age of 21, made a new contract with him, which recited the receipt of all moneys paid by the plaintiff and his father prior to that date, and under that contract the plaintiff agreed to make the payments of the future installments. Thereafter the plaintiff paid to the defendant the further sum of $80, and then rescinded the·contract on the ground of infancy, and brought this action to recover all sums paid for the property either by the father or himself.

[1] It seems to me that the plaintiff has clearly a right to disaffirm the contract, even though the defendant by making this contract may have released the father from his obligation under the earlier contract, and it may be impossible to restore that obligation now. The infant has always a right to disaffirm an executory contract, and inasmuch as he has received nothing under this contract, he cannot be called upon to restore anything. The fact that by the making of the contract the defendant may incidentally have sustained some disadvantage is immaterial since the plaintiff has not under the contract received any advantage.

[2] On the other hand, it is equally clear that the plaintiff, upon disaffirming his contract, can recover only the consideration which he has paid under the contract. The trial justice therefore correctly held that the plaintiff could not recover the amounts paid by the father upon the assigned contract, though such payments were thereafter credited upon the infant's contract. To permit such a recovery would obviously allow the plaintiff to obtain an affirmative advantage from the making of the very contract which he now seeks to disaffirm. The trial justice did, however, permit a recovery of the sum of $211.70, paid by the plaintiff upon the contract assigned to him by his father before the defendant made a new contract with the plaintiff.

It seems to me that the right to retain these payments is governed by the same consideration as governs the right to retain the payments made by the father. They were not made under the contract which the plaintiff now disaffirms, but were made prior thereto, and the subsequent making of a voidable contract can give the plaintiff no right to recover prior payments. These payments were received under the father's contract, and not under any claim of right to hold the plaintiff his assignee. The father's contract was valid, and no payments made under that contract could be recovered by the father. There was. no privity of contract at that time between· the defendant and the plaintiff, and all rights which the plaintiff had at that time were through the father. The plaintiff merely met the father's obligation, and if any person has taken advantage of his infancy it is his father, and it is to his father that he should look for redress. The plaintiff has a right

to recover only these payments made under the contract with him and which he now disaffirms.

Judgment should therefore be reduced to the sum of $80, with interest and costs and as so reduced affirmed with costs to the appellant, such costs to be set off against the judgment. All concur.